## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PJC LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 0:11-cv-02553 |
| | ) | |
| vs. | ) | **DEFENDANT USF REDDAWAY INC.** |
| | ) | **ANSWER AND COUNTERCLAIMS TO** |
| DOUG ANDRUS DISTRIBUTING LLC, | ) | **PLAINTIFF'S COMPLAINT** |
| et al. | ) | |
| | ) | |
| Defendants. | | |

Defendant USF Reddaway Inc. ("Reddaway") hereby answers the Complaint filed by Plaintiff PJC Logistics, LLC ("PJC"). Reddaway hereby responds to the numbered paragraphs of the Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

**ANSWER:** Admitted.

### THE PARTIES

2.      Plaintiff PJC Logistics is a limited liability corporation organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Reddaway admits that PJC is organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643. Reddaway denies the remaining allegations of paragraph 2.

3. Defendant Doug Andrus Distributing LLC is a corporation organized under the laws of Idaho with its principal place of business at 6300 South 45th West, Idaho Falls, ID 83402, and it can be served with process at that address.

**ANSWER:** Paragraph 3 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. Defendant Gordon Trucking, Inc. (GTI) is a corporation organized under the laws of Washington with its principal place of business at 151 Stewart Road S.W., Pacific, WA 98047, and a registered agent for service of process at CT Corporation System, 388 State Street Suite 420, Salem, OR 97301.

**ANSWER:** Paragraph 4 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5. Defendant Gulick Trucking, Inc., is a corporation organized under the laws of Washington with its principal place of business at 3000 SE Hidden Way, Bldg. 40, Suite E, Vancouver, Washington 98661, and a registered agent for service of process at Larry D. Moomaw, 12275 2nd SW Street, Beaverton, OR 97005.

**ANSWER:** Paragraph 5 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

5.      *[sic, two numbered "5" paragraphs in Complaint]* Defendant Interstate Carrier Express is a corporation organized under the laws of Wyoming with its principal place of business at 2006 Yellowstone Avenue, Worland, Wyoming 82401, and it can be served with process at the same address.

**ANSWER:** Paragraph 5 *[sic, two numbered "5" paragraphs in Complaint]* of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 *[sic, two numbered "5" paragraphs in Complaint]* .

6.      Defendant Interstate Distributor Co. is a corporation organized under the laws of Washington with its principal place of business at 11707 21st Avenue Ct. S, Tacoma, WA 98444, and a registered agent for service of process at Jeff Alexander, 2770 NW Rogers Circle, Troutdale, OR 97060.

**ANSWER:** Paragraph 6 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.      Defendant Market Transport, Ltd. is a corporation organized under the laws of Oregon with its principal place of business at 110 N Marine Drive, Portland, OR 97217, and a registered agent for service of process at TT Administrative Services, LLC, 888 S.W. Fifth Ave., Suite 1600, Portland, OR 97204.

**ANSWER:** Paragraph 7 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response

is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.      Defendant May Trucking Company is a corporation organized under the laws of Idaho with its principal place of business at 4185 Brooklake Rd. NE, Salem, OR 97303, and a registered agent for service of process at C.M. May, 4185 Brooklake Rd. NE, Salem, OR 97305.

**ANSWER:**  Paragraph 8 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.      Defendant MTS Freight is a corporation organized under the laws of Montana with its principal place of business at 1414 N. Montana, Helena, MT 59601, and a registered agent for service of process at Steve Mergenthaler, 1414 N. Montana, Helena, MT 59601.

**ANSWER:**  Paragraph 9 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.      Defendant Oak Harbor Freight Lines, Inc. is a corporation organized under the laws of Washington with its principal place of business at 1225 37th St. NW, P.O. Box 1469, Auburn, WA 98071, and a registered agent for service of process at Incorp Services, Inc., 820 N. River St., Loft #206, Portland, OR 97227.

**ANSWER:** Paragraph 10 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.     Defendant Peninsula Truck Lines, Inc. is a corporation organized under the laws of Washington with its principal place of business at 1010 S. 336th St., Suite 202, Federal Way, WA 98003, and a registered agent for service of process at CT Corporation System, 388 State St., Suite 420, Salem, OR 97301-3581.

**ANSWER:** Paragraph 11 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.     Defendant Reddaway is a corporation organized under the laws of Delaware with its principal place of business at 16277 S.E. 130th Avenue, Clackamas, OR 97015, and a registered agent for service of process at USF Reddaway, Inc., 16277 S.E. 130th Avenue, Clackamas, OR 97015.

**ANSWER:** Reddaway admits that its principal place of business is 16277 S.E. 130th Avenue, Clackamas, OR.  Reddaway denies the remaining allegations of paragraph 41.

13.     Defendant Sammons Trucking is a corporation organized under the laws of Montana with its principal place of business at 3665 West Broadway, Missoula, MT 59808, and a registered agent for service of process at Cynthia Miller, HON. Marine Dr., Portland, OR 97217.

95260773.1

**ANSWER:**  Paragraph 13 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Defendant The Waggoners Trucking is a corporation organized under the laws of Montana with its principal place of business at 5220 Midland Rd., Billings, MT 59101, and a registered agent for service of process at Gerry R. Curtis, 4800 Macadam St., Suite 260, Portland, OR 97201.

**ANSWER:**  Paragraph 14 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Defendant Watkins & Shepard Trucking, Inc. is a corporation organized under the laws of Montana with its principal place of business at N. 6400 Hwy. 10W, Missoula, MT 59808, and a registered agent for service of process at John A. Anderson, 9755 S.W. Barnes St., Suite 675, Portland, OR 97225.

**ANSWER:**  Paragraph 15 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

## JURISDICTION AND VENUE

16.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the

subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:**  Reddaway admits that PJC, in its Complaint, alleges patent infringement claims under Title 35 of the United States Code.  Reddaway further admits that this Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).  Reddaway admits that venue is proper in this District for purposes of this action only.

17.     Defendant Doug Andrus Distributing LLC uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Doug Andrus Distributing LLC's fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 17 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Defendant Gordon Trucking, Inc. (GTI) uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Gordon Trucking, Inc.'s (GTI) fleet of trucks, vans or other vehicles operate in the State of

Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 18 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Defendant Gulick Trucking, Inc. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Gulick Trucking, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 19 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     Defendant Interstate Carrier Express uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Interstate Carrier Express's fleet of trucks, vans or other vehicles operate in the State of Washington,

including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 20 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Defendant Interstate Distributor Co. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Interstate Distributor Co.'s fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 21 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.     Defendant Market Transport, Ltd. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Market Transport, Ltd.'s fleet of trucks, vans or other vehicles operate in the State of Washington,

including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 22 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.     Defendant May Trucking Company uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in May Trucking Company's fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 23 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.     Defendant MTS Freight uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in MTS Freight's fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 24 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.     Defendant Oak Harbor Freight Lines, Inc. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Oak Harbor Freight Lines, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 25 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.     Defendant Peninsula Truck Lines, Inc. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Peninsula Truck Lines, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

95260773.1

**ANSWER:** Paragraph 26 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.    Defendant Reddaway uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Reddaway's fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Reddaway admits that vehicles in its fleet operate in the State of Washington and the District of Oregon while using electronic fleet management systems but specifically denies that those electronic fleet management systems infringe the patent in suit. Reddaway denies the remaining allegations of paragraph 27.

28.    Defendant Sammons Trucking uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Sammons Trucking's fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 28 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response

is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.     Defendant The Waggoners Trucking uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in The Waggoners Trucking's fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 29 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.     Defendant Watkins & Shepard Trucking, Inc. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Watkins& Shepard Trucking, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Washington, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 30 of the Complaint contains no allegations as to Reddaway and therefore does not require a response by Reddaway.  To the extent a response

is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

31.     PJC Logistics repeats and realleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:**  Reddaway incorporates by reference its responses to paragraphs 1 through 30.

32.     On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as the "844 Patent"), entitled VEHICLE TRACKING AND SECURITY SYSTEM, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

**ANSWER:**  Reddaway admits that the public record reflects that U.S. Patent No. 5,223,844 (the "'844 Patent") is entitled "Vehicle Tracking and Security System" and has an issue date of June 29, 1993.  Reddaway admits that a document purported to be a true and correct copy of the '844 Patent was attached to the Complaint as Exhibit A.  Reddaway denies the remaining allegations in paragraph 32.

33.     PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER:**  Reddaway admits that the public record reflects that  the '844 Patent is assigned to PJC.  Reddaway denies the remaining allegations in paragraph 33.

34.     Without license or authorization, each of the Defendants has been infringing the '844 Patent, and/or contributing to the infringement of said patent by others in

the United States, by using in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a) and (c).

**ANSWER:** The allegations as to Reddaway are denied. The allegations as to other defendants do not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Reddaway set forth in paragraph 34.

35. PJC Logistics has been damaged by Defendants' infringing activities.

**ANSWER:** The allegations as to Reddaway are denied. The allegations as to other defendants do not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Reddaway set forth in paragraph 35.

## JURY DEMAND

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PJC Logistics demands a trial by jury on all issues triable as such.

**ANSWER:** Reddaway admits that PJC, in its Complaint, demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PJC Logistics respectfully demands judgment for itself and against Defendants as follows:

a. That this Court adjudge that Defendants have each infringed the '844 Patent;

95260773.1

15

b. That this Court ascertain and award PJC Logistics damages sufficient to compensate it for the above infringement and that the damages so ascertained be awarded to PJC Logistics with interest;

c. That this Court find this case to be exceptional and award PJC Logistics its attorneys fees, costs and expenses in this action;

d. An accounting of all infringing sales including, but not limited to, those sales not presented at trial and an award by the Court for any such sales; and

e. That this Court award PJC Logistics such other relief as the Court may deem just and proper.

**ANSWER:** Reddaway denies that PJC is entitled to the requested relief or any relief from Reddaway. The demands as to other defendants do not require a response by Reddaway. To the extent a response is required, Reddaway lacks knowledge or information sufficient to form a belief as to the truth of the demands as to defendants other than Reddaway set forth in PJC's Prayer for Relief.

<u>**DEFENSES**</u>

Reddaway hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof. Reddaway reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST DEFENSE - NON-INFRINGEMENT

1.      Reddaway does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## SECOND DEFENSE - INVALIDITY

2.      Each claim of the '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

## THIRD DEFENSE - PROSECUTION HISTORY ESTOPPEL

3.      By reason of the proceedings in the United States Patent and Trademark Office during both the prosecution of the application that resulted in issuance of the '844 Patent and the reexamination of the '844 Patent, as shown by the prosecution histories thereof, PJC is estopped, in whole or in part, from maintaining that Reddaway infringes or has infringed the '844 Patent.

## FOURTH DEFENSE - INTERVENING RIGHTS

4.      PJC's claims for relief concerning any claim added to the '844 Patent during reexamination or any claim substantively amended during reexamination are barred, in whole or in part, by the doctrine of intervening rights and/or 35 U.S.C. §§ 252, 307.

## FIFTH DEFENSE - LIMITATION ON DAMAGES

5.      The relief sought by PJC is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

95260773.1

## SIXTH DEFENSE - ADEQUATE REMEDY AT LAW

6.      PJC is not entitled to injunctive relief because any alleged injury to PJC is not immediate or irreparable and PJC has an adequate remedy at law.

## SEVENTH DEFENSE - LACHES

7.      The United States Patent and Trademark Office issued the '844 Patent on June 29, 1993.

8.      PJC did not bring suit against Reddaway until March 2011.

9.      PJC's claim for relief for infringement of the '844 Patent is barred in whole or in part under the doctrine of laches by virtue of the inexcusable delay in bringing suit against Reddaway and/or its suppliers.

## COUNTERCLAIMS

Counterclaim-Plaintiff Reddaway hereby alleges with knowledge as to its own actions and on information and belief with respect to the actions of others the following counterclaims against Counterclaim-Defendant PJC.  Reddaway reserves the right to assert additional counterclaims, as warranted by facts learned through investigation and discovery.

1.      Reddaway is a corporation organized under the laws of Oregon with its principal place of business at 16277 S.E. 130th Avenue, Clackamas, OR 97301-3581.

2.      PJC is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et seq*.

4.      PJC has submitted to the personal jurisdiction of this Court.

5.      Venue is proper because PJC brought this action and consented to venue.

## COUNTERCLAIM ONE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.      Reddaway repeats and realleges paragraphs 1–5 above as if fully set forth herein.

7.      PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

8.      PJC has sued Reddaway in the present action, alleging infringement of the '844 Patent.  Thus, an immediate, real and justiciable controversy exists between Reddaway and PJC with respect to the alleged infringement of the '844 Patent.

9.      Reddaway does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

10.     No claim of the '844 Patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Reddaway.

11.     Reddaway requests declaratory judgment that Reddaway does not infringe, directly or indirectly, any claim of the '844 Patent.

## COUNTERCLAIM TWO

## DECLARATORY JUDGMENT OF INVALIDITY

12.     Reddaway repeats and realleges paragraphs 1–5 above as if fully set forth herein.

13.     An immediate, real and justiciable controversy exists between Reddaway and PJC with respect to the invalidity of the '844 Patent.

95260773.1

14.     The '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

15.     Reddaway requests declaratory judgment that the '844 Patent is invalid.

<b><u>REDDAWAY'S PRAYER FOR RELIEF</u></b>

WHEREFORE, Reddaway prays for the following relief:

1.     that any and all relief requested by PJC, as set forth in the Complaint, be denied and that the Complaint be dismissed with prejudice;

2.     that Reddaway have judgment on its Counterclaims, including that this Court declare the '844 Patent invalid; that this Court declare that Reddaway  has not infringed, directly or indirectly, the '844 Patent;

3.     that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that cost of this action and their attorneys' fees be awarded to Reddaway;

4.     that this Court grant such other and further relief to Reddaway as this Court may deem just and equitable.

## <u>JURY DEMAND</u>

Reddaway demands a trial by jury on all issues triable of right by a jury.


Dated:  October 28, 2011

s/Laura J. Borst
Laura J. Borst (Minnesota State Bar 032548X)
lborst@fulbright.com
Roy Lo (Minnesota State Bar 0391615)
rlo@fulbright.com
Fulbright & Jaworski, L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2112
(612) 321- 2800


OF COUNSEL:
James W. Repass
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151
jrepass@fulbright.com


**Attorneys for Defendant
USF Reddaway Inc.**

95260773.1