# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION

MDL NO. 11-2249

---

PJC LOGISTICS, LLC,

    Plaintiff,

vs.

DOUG ANDRUS DISTRIBUTING LLC; *et al*.

    Defendants.

Case No. 0:11-cv-02553-DWF-SER

(Transferred from the District of Oregon, Civil Action No. 3:11-cv-0337-AC)

**PLAINTIFF PJC LOGISTICS, LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT REDDAWAY, INC.**

---

Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this Reply in response to the Answer and Counterclaims of Defendant Reddaway, Inc. ("Reddaway").

## COUNTERCLAIMS

1.    Reddaway is a corporation organized under the laws of Oregon with its principal place of business at 16277 S.E. 130th Avenue, Clackamas, OR 97301-3581.

**ANSWER:**    Admitted.

2.    PJC is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:**    Admitted.

3.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et. seq.*

**ANSWER**  PJC admits that this Court has subject matter jurisdiction for this action only.

4.  PJC has submitted to the personal jurisdiction of this Court.

**ANSWER:**  PJC admits that PJC is subject to the personal jurisdiction of this Court for this action only.

5.  Venue is proper because PJC brought this action and consented to venue.

**ANSWER:**  PJC admits venue is proper for this action only but PJC denies that it initially brought this action in the U.S. District Court for the District of Minnesota.

## COUNTERCLAIM ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.  Reddaway repeats and realleges paragraphs 1-5 above as if fully set forth herein.

**ANSWER:**  PJC incorporates by reference its responses to paragraphs 1 through 5 of this Reply as though fully set forth herein.

7.  PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

**ANSWER:**  Admitted.

8.  PJC has sued Reddaway in the present action, alleging infringement of the '844 Patent. Thus, an immediate, real and justiciable controversy exists between Reddaway and PJC with respect to the alleged infringement of the '844 Patent.

**ANSWER:** Admitted.

9.  Reddaway does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

**ANSWER:** Denied.

10. No claim of the '844 Patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Reddaway.

**ANSWER:** Denied.

11. Reddaway requests declaratory judgment that Reddaway does not infringe, directly or indirectly, any claim of the '844 Patent.

**ANSWER:** PJC denies that Reddaway is entitled to any such relief.

## COUNTERCLAIM TWO
## DECLARATORY JUDGMENT OF INVALIDITY

12. Reddaway repeats and realleges paragraphs 1-5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference its responses to paragraph 1 through 5 of this Reply as though fully set forth herein.

13. An immediate, real and justiciable controversy exists between Reddaway and PJC with respect to the invalidity of the '844 Patent.

**ANSWER:** Admitted.

14. The '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

**ANSWER:** Denied.

15. Reddaway requests declaratory judgment that the '844 Patent is invalid.

**ANSWER:** PJC denies that Reddaway is entitled to any such relief.

PJC denies that Reddaway is entitled to any of the relief sought against PJC in its Prayer for Relief and Counterclaims. In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement,

validity, enforceability, and damages, and denies any allegations in the counterclaim adverse to the same.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff PJC respectfully prays that this Court:

A. Dismiss Reddaway's Counterclaims in their entirety with prejudice with respect to PJC, with Reddaway taking nothing thereby;

B. Deny all of Reddaway's Counterclaims against PJC;

C. Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D. Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 16, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(*Admitted Pro Hac Vice*)
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
E-mail: sdaniels@farneydaniels.com

**Attorneys for Plaintiff
PJC Logistics, LLC**